The bill in this case is filed to cancel policies of insurance on the ground of fraud. It is lengthy and in it there are six fraudulent acts charged. The first is that, for the purpose of inducing complainants to issue the policies, the defendants falsely represented the value of their property at sixty thousand dollars ($60,000). Secondly, it is charged that the defendant Alexander G. Nicholson, for the purpose of defrauding The Star Insurance Company, caused to be executed to a Miss Masterton a fictitious lease for the purpose of obtaining insurance in the event the property was destroyed. The third charge is that Alexander G. Nicholson, in order to carry out a fraudulent scheme, secured the execution of a mortgage for twenty-five thousand dollars ($25,000) by his daughter to him. The fourth allegation appears in paragraph 24 of the bill. It is to the effect that Alexander G. Nicholson was the true owner of the building and not his daughter. As a fifth charge, it is alleged that the property had a market value of less than fourteen thousand dollars ($14,000). The last charge against the defendant is found in paragraph 27 and relates to the suspicious circumstances surrounding the fire.
Gladys Nicholson was the record owner of the property covered by the policies of insurance. There is not one line of testimony offered by the complainants that establishes the fact that Gladys Nicholson ever came in contact with the insurance companies. Hence, the charges of fraud in the bill must be laid at the door of her father, Alexander G. Nicholson. This fraud, if proved, could only go to the extent of Mr. Nicholson's mortgage rights and could not affect his daughter's insurance.
The alleged misrepresentation as to the value of the property, which appears to be the charge upon which the complainants mainly rely, is not in any way satisfactorily established. The fact is that one of the experts produced at the hearing fixed a value of fifty-nine thousand dollars ($59,000) less ten per cent. for depreciation. I find no proof that Nicholson ever represented the property to be worth sixty thousand *Page 34 
dollars ($60,000). If this was the fact, however, all the complainants were called upon to pay was the actual loss. The insurance companies had every opportunity to inspect and ascertain the true value of the property, as it remained uncharged from the issuance of the policies until the fire. The charge that the mortgaging of the property by Gladys Nicholson to her father was a part of the scheme to defraud the companies, and the charge that the leasing of the property to a Miss Masterton was done for the same purpose are not supported by any evidence.
The allegation of the bill relative to the actual ownership of the property by Alexander G. Nicholson is not sustained. The evidence discloses a conveyance to Gladys Nicholson from one Snyder. If it appeared that Nicholson directed the title to be taken in his daughter's name, this does not prove fraud. There is testimony, however, to the effect that a substantial consideration passed between him and his daughter.
As to the charge that the property had a market value of less than fourteen thousand dollars ($14,000), I find no evidence whatever to support it.
There is some testimony offered as to suspicious circumstances surrounding the fire, but none of which brought about the defendant Alexander G. Nicholson's indictment for arson, which was attempted in Bergen county, and the evidence before me does not establish complainants' claim that he had to do with bringing about the conflagration.
Fraud should not be presumed. Fraud must be proven by clear and positive evidence, and, after going over the testimony and considering the same again, I still hold the view entertained and expressed by me at the conclusion of the oral hearing; that the complainants have failed to sustain the allegations of the bill and that it should be dismissed.
A cross-bill was filed asking affirmative relief against the company. As to this affirmative relief asked for by the defendants, viz., the damage sustained, I have concluded that their proper action should be at law. It is pre-eminently a question for the jury.
I shall advise a decree in accordance with these views. *Page 35